J. S. DURHAM v. JONES & POWELL.

*Action for Damages—Malicious Prosecution—Instructions—Embezzlement—Probable Cause.*

1. Under *Code* Section 1014 the scope of the law relating to embezzlement was extended by bringing within its terms an agent, servant or employee of any corporation, person or partnership who should embezzle or fraudulently convert to his own use any money, goods or other chattels which should come into his possession or under his care, and by providing that the offender shall be deemed guilty of a felony and punished as in cases of larceny.

2. It is not necessary that a warrant issued by a justice of the peace should describe the criminal offence with the legal accuracy required in an indictment.

DURHAM *v.* JONES.

3. Where, in the trial of an action against partners for malicious prosecution, it appeared that plaintiff had been arrested on the complaint of one of the partners, but discharged on preliminary examination, and that such complaint, which was made a part of the warrant, charged that the plaintiff did unlawfully, etc., and by false representations obtain ice from the firm with intent to defraud, and, further, contained allegations of facts which, if true, constituted embezzlement ; *Held,* that it was error in the trial court to restrict the defendants to showing that plaintiff was guilty of cheating by false pretenses, and to refuse to charge that, if the jury believed the facts to be as charged in the complaint on which the warrant was issued, and that either of the defendants had knowledge of them when the complaint was made, then the defendants had probable cause for instituting the prosecution.

CIVIL ACTION, tried before *Coble, J.,* and a jury, at March Term, 1896, of DURHAM Superior Court. The purpose of the action was to recover damages for malicious prosecution. The defendants, merchants in Raleigh, N. C., had procured the arrest of the plaintiff in Raleigh, on October 25, 1895, on the affidavit of J. A. Jones, one of the defendants, which was as follows :

" J. A. Jones, being duly sworn, complains and says that at and in said county, and in Raleigh township, on or about the 6th day of July, 1895, J. S. Durham did unlawfully and willfully, knowingly and designedly, by means of false representation, obtain ice from J. A. Jones and A. M. Powell, trading as Jones & Powell, with intent to cheat and defraud Jones & Powell of the said ice, saying that he would retain a certain part of the proceeds of the sale of said ice, after said Jones & Powell had been paid in full ; whereas, he intended to convert the whole of the proceeds of sale of said ice to his own use, or to appropriate the ice itself, having beforehand made an arrangement with one W. T. Saunders to ship said ice to his ice-

house, and to pay him out of the proceeds of sale of said ice, or with the ice itself, an account said Durham owed said Saunders; that the ice was to be sold from the ice-house of said Saunders, and the said Durham was to purchase from him so much as not to include the money owed said Saunders, and the said arrangement was carried into effect contrary to the form of the statute and against the peace and dignity of the State."

The warrant was issued by and returnable before J. C. Marcom, J. P., at Raleigh, who, after the examination of witnesses, discharged the defendant in said warrant, who thereupon brought this action for damages.

The following issues were submitted:

"1. Did the defendants, or either of them, maliciously and without probable cause prosecute a criminal action against the plaintiff as alleged in the complaint?

"2. What damages is the plaintiff entitled to recover?"

There was testimony on the part of the defendants tending to establish the truth of the averments in the affidavit on which the warrant was issued. At the close of the testimony the defendants (among other requests) asked for the special instruction referred to in the opinion of Associate Justice AVERY, the refusal to give which was assigned as error, as well as the instruction given in lieu thereof.

The charge of his Honor was as follows:

"This is an action brought by the plaintiff vs. the defendant for the recovery of damages on account of an alleged malicious prosecution of the plaintiff by the defendants.

"The jury are instructed that in order for the plaintiff to maintain this action, the following facts must be shown by the plaintiff, by a preponderance or a greater weight of the evidence:

" 1. That the prosecution complained of was terminated before this action was commenced.

" 2. That the said prosecution was instituted without reason or probable cause, and

" 3. That it was instituted maliciously.

" The plaintiff contends that 'the defendants in this action instituted on the 19th day of October, 1895, a prosecution against him on the charge of false pretense; that he was arrested on said warrant on the 25th day of October, 1895, and carried before J. C. Marcom, J. P., in the city of Raleigh, where upon a hearing before said justice he was adjudged to be not guilty as charged; that he was discharged by said justice; that his trial was had on said 25th day of October, 1895; that he was held under arrest for several hours; that the said prosecution was dismissed and terminated; that no further prosecution was instituted on said charge against him; and he further contends that there was no reason or probable cause for said prosecution, and that said prosecution was done through malice on the part of defendants in this case. And that the charge brought against him in that prosecution of having committed the crime of false pretense was false; and the plaintiff contends that on account of the alleged malicious prosecution he is entitled to recover from the defendants damages to the amount of $10,000.

" The defendants contend that there was probable cause or reasonable ground for the prosecution complained of, and they further contend that the prosecution was not done maliciously or through malice on their part against the plaintiff in this case.

" The court instructs the jury that the burden is on the plaintiff to show that the defendants or one of them instituted a criminal charge as herein alleged; that he was arrested and prosecuted on said criminal charge, and that said

prosecution was terminated by his acquittal or discharge; and the court instructs the jury that if they believe the evidence in this case bearing on these facts the plaintiff has established the said facts.

" The plaintiff alleges that he was prosecuted on a charge of false pretense, and the court deems it important that the jury should know what constitutes the crime of false pretense, in determining whether or not the said alleged prosecution was instituted without probable cause and maliciously.

" To constitute the crime of false pretense there must be a false representation of a subsisting fact or of a past event, or a fact having a present existence, and not of something to happen in the future, made for the purpose of obtaining goods or property from some one, and such false representation must be made with intent to deceive, must be calculated to deceive and must deceive, and the goods and property must be obtained by means of such false representations to constitute the crime of false pretense.

" Keeping the definition of false pretense in mind, the jury will proceed to determine from the evidence in the case, under the court's instructions, whether or not the alleged prosecution was preferred against the plaintiff in this case without probable cause and maliciously.

" The court instructs the jury that if they find from the evidence in the case that the plaintiff was prosecuted as alleged, arrested and tried before a justice of the peace, and discharged by the said justice for the want of sufficient proof—and in this case the defendants admit that the plaintiff was discharged by the said justice—then the burden for showing probable cause for his arrest is cast upon the defendant who instigated the said prosecution, or upon

DURHAM v. JONES.

both the defendants, if the jury shall find that the defendant, Powell, in any way assisted or took part in the said prosecution.

" And the jury are further instructed that to constitute probable cause for a criminal prosecution there must be such reasonable grounds of suspicion supported by circumstances sufficiently strong as themselves to warrant an ordinarily cautious and prudent man in the belief that the person arrested is guilty of the offence charged.

" The court further instructs the jury that the facts and circumstances testified to by the defendant, Jones, to have been within his knowledge, at the time he procured the warrant against the plaintiff, and connected with the transaction out of which the prosecution grew, were not such as would warrant a cautious and prudent man in believing that the plaintiff was guilty of the charge made against him, and did not constitute probable cause for the prosecution for the crime of false pretense. So the jury will proceed to enquire whether or not the prosecution was instituted through malice for unless the jury find that the said prosecution was preferred both without probable cause and with malice they will answer the first issue ' No.' Whether or not there was malice the jury must determine from the facts and circumstances attending the prosecution, and the burden is upon the plaintiff to show by a preponderance of evidence want of probable cause and malice, unless the jury find that the discharge by the justice was on account of the want of proof; as before instructed, if the said discharge was for the want of proof, then the burden is shifted to the defendants.

" The jury are instructed that the prosecution of a person criminally, from any other motive than that of bringing the guilty person to justice, is a malicious prosecution ; and if in the prosecution of the plaintiff the p·osecutor

acted from any other motive than that of bringing one whom he believed to be guilty to justice he acted with malice in the eyes of the law.

" But the jury are instructed that if they believe that R. C. Strong was a practicing attorney in good standing—and this is not disputed—and if they further believe that the defendant Jones made a full, fair and true statement to said attorney, before the warrant was sworn out, of all the facts and circumstances bearing upon the accused, and if the said attorney advised him that within the spirit of the law the said facts in his opinion were sufficient to constitute the crime of false pretense, then the jury will consider such advice as evidence to rebut any implication of malice.

" And if the jury, after considering all the facts and circumstances, together with the advice of said attorney, believe that the said prosecution against the plaintiff was not instituted with malice, then they will answer the first issue ' No.'

" If, on the other hand, they find from the evidence that the alleged criminal prosecution against the plaintiff was preferred without probable cause and maliciously by both the defendants, then the jury will answer the first issue ' Yes, as to both the defendants.'

" If the jury find that the alleged prosecution was instituted without probable cause and maliciously by one of the defendants, then the jury will answer the first issue ' Yes, as to such defendant.'

" If the jury should find from the evidence, under the court's instructions, that the defendant Jones instituted the said prosecution without probable cause and maliciously, and if the defendant Powell consented, advised or

Durham v. Jones.

co-operated in the said prosecution, then the defendant Powell would be liable to an action for malicious prosecution.

"But if the defendant Powell did not co-operate or consent to the said prosecution, then he could not be liable for malicious prosecution.

"If the jury answer the first issue ' No,' they need not consider the second issue.

"If the jury answer the first issue ' Yes,' as to both the defendants,' or as to either of the defendants, then they will proceed to determine what damages, if any, the plaintiff is entitled to recover. In doing this the jury will consider all the facts and circumstances proved, the suffering of the plaintiff, both mentally and pecuniarily, if the jury believe that he endured any such suffering, the circumstances under which the defendant or defendants acted, whether with express malice or not, whether they acted *bona fide* under the advice of counsel, and all the facts and circumstances connected with the matter, and assess the damages at what the jury think proper."

The jury, for their verdict, responded to the first issue, " Yes, as to both," and to the second, " Fifteen hundred dollars."

*Messrs. Boone, Merritt & Bryant* and *Fred A. Green,* for plaintiff.

*Messrs. J. S. Manning, Guthrie & Guthrie,* and *F. H. Busbee,* for defendants (appellants).

Avery, J.: Embezzlement has been called a statutory larceny because of the fact that the earlier English statutes were thought to be but declaratory of the common law, that certain acts therein mentioned were punishable as larceny. 2 Bishop Cr. Law, Secs. 319, 320, 327, 1. The

DURHAM v. JONES.

last act passed in this State (*Code*, Sec. 1014, Laws 1871-'76, Ch. 145, Sec. 2) extends the scope of the law so as to bring within its terms an agent, servant or employee " of any corporation, person or partnership " who should " embezzle or fraudulently convert to his own use _____ any money, goods or other chattels _____ which shall come into his possession or under his care," and by providing that " he shall be deemed guilty of a felony and punished as in cases of larceny." 2 Wharton Cr. Law, Sec. 1917 (d). The use of the word embezzlement in this statute is but another mode of describing the fraudulent misappropriation of the goods of the employer to the employee's or agent's own use. 2 Bishop, *supra*, Sec. 325, 1 & 2. The warrant upon which the plaintiff was arrested referred to the affidavit or complaint of J. A. Jones, one of the defendant firm, and thereby made it a part of the process. The complaint sets forth, amongst other things, that J. S. Durham did unlawfully and willfully, knowingly and designedly, by means of false representations, obtain ice from J. A. Jones and A. M. Powell, trading as Jones & Powell, *with intent to cheat and defraud* Jones & Powell of said ice, *saying he would retain a certain part of the proceeds* of the sale of *said ice*, after said Jones & Powell had been paid *in full*, whereas he intended to convert the whole of the proceeds of the sale of said ice to his own use or to appropriate the ice itself, having beforehand made an arrangement with one W. T. Saunders to ship said ice to his ice-house and pay *him* out of *the proceeds of said ice or with the ice itself* an account said Durham owed said Saunders ; that the ice was to be sold from the ice-house of said Saunders, and that said Durham was to purchase from him so much as not to include the money owed said Saunders, and the said arrangement was carried into effect contrary, &c." It is proper to premise that the law does not intend or require that a

justice of the peace shall describe a criminal offence in a warrant, issued for the purpose of preliminary examination, with the same legal accuracy as is necessary in an indictment. But the comp aint does aver : 1, That there was such an agreement as constituted the plaintiff the agent of Jones & Powell to sell ice for them, paying them a certain proportion of the proceeds of sale, and taking the residue as his compensation for selling. 2, That he then entertained the fraudulent purpose of converting the whole of the ice or the proceeds of its sale to his own use, by applying it in discharge of his own debt. 3. That he carried the said arrangement, to so misappropriate the proceeds of sale, into effect. In words that could not have been misunderstood the warrant put the defendant on notice that he was charged with agreeing to constitute and constituting himself an agent for Jones & Powell, and with fraudulently misappropriating the goods and money of these defendants that came into his hands in that capacity. There was also testimony that tended to prove the agency as well as the wrongful misappropriation.

In view of the nature of the charge in the warrant and the evidence offered in support of it, the court erred in restricting the defendants to showing probable cause that the plaintiff was guilty of cheating by false pretenses, and in refusing to charge as requested in instruction Number 7 in the prayer of the defendants, to-wit, That " if the jury believe from the evidence that the plaintiff agreed with the defendant, J. A. Jones, as a member of the firm of Jones & Powell, that if the defendant firm would ship him a car-load of ice he would sell the ice by retail for cash, and out of the first moneys received set apart a sufficient amount to pay Jones & Powell for said ice and as their money, and the said Jones & Powell shipped the plaintiff, Durham, a car-load of ice ; and if the jury believe from the

evidence that the plaintiff, Durham, received the said ice under said agreement, and sold the same and failed to set apart the first moneys received therefor for said Jones & Powell, and to pay them for said ice ; and if the jury believe from the evidence that at the time of said contract with Jones & Powell for said ice the plaintiff, Durham, had made an arrangement with one Saunders to put said ice in his ice-house, and, being indebted to said Saunders, had agreed with him that he could have a certain amount of said ice to pay his debt, and delivered to said Saunders such amount of said ice and if the jury believe that either Jones or Powell had knowledge of these facts and circumstances at the time said warrant was procured, then the defendants had probable cause to institute said prosecution, and the jury will answer the first issue ' No. ' "

It is clear that no question could have been raised about the form of the warrant, if the justice of the peace had required the plaintiff (the defendant in the warrant) to give bond for his appearance at the superior court, whether the solicitor deemed it best to draw an indictment for cheating by false pretenses or embezzlement.

It is not material to pursue the inquiry whether there was testimony sufficient, if true, to show probable ground for believing that the plaintiff was guilty of cheating by false pretenses. The testimony of Powell and Strong was in support of the complaint, and tended to show the agency of the plaintiff and the fraudulent misappropriation of goods and money that passed into his hands in that capacity. If the testimony of Jones, which is embodied in substance in the prayer for instruction, was believed by the jury, then their finding, thrown into the shape of a special verdict, would have been that the plaintiff was the agent of the defendants for the purpose mentioned, and converted to his own use money and chattels that passed

DURHAM *v.* JONES.

into his hands as agent, and the jury might have drawn the inference and found that it was done with a felonious and fraudulent intent.

We have forborne to discuss the case in the light of the decision in *Oakley* v. *Tate*, 118 N. C., 361, wherein Chief Justice FAIRCLOTH for the Court announced the general principle that a complainant could not be "held responsible for an error committed by a justice." It is not necessary to determine how far, if at all, that principle applies to the case before us. Conceding that when the fact that the plaintiff was discharged by the justice for want of sufficient proof was shown, the burden was cast upon the defendants to rebut a *prima facie* case, it is manifest that it was competent for them to relieve themselves of that burden by showing that there was probable cause as to an offence charged in the warrant.

It was therefore for the jury to determine, under proper instructions, whether there was probable cause for believing that any criminal offence, coming within the terms of the complaint or charge, had been committed by the plaintiff. The court misled the jury in restricting their inquiry to the question whether probable cause had been shown as to the charge of cheating by false pretenses, and erred when, in effect, that inquiry was answered for them in the charge. In refusing to instruct the jury as requested, and substituting the charge given, there was error which entitles the defendants to a new trial.

New Trial.

CLARK, J., did not sit.